TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Norma Virden

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Norma Virden,<br><br>        Plaintiff,<br><br>   vs.<br><br>Rash Curtis & Associates,<br><br>        Defendant. | Case No.:   2:15-at-785<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Norma Virden (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Rash Curtis & Associates (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Palermo, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.     Defendant is a business entity located in Marysville, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

COMPLAINT FOR DAMAGES

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.     In September of 2014, Defendant began calling Plaintiff in an attempt to collect a debt.

COMPLAINT FOR DAMAGES

13.     Defendant initiated calls to Plaintiff multiple times a day on her home telephone and cellular telephone.

14.     Plaintiff informed Defendant on multiple occasions that she was experiencing financial difficulties and on each occasion, Plaintiff informed Defendant that she was unable to make a payment.

15.     Defendant continued calling despite knowing that the calls would not result in repayment of the debt.

16.     In or around November of 2014, Plaintiff requested that Defendant cease further calls.

17.     Moreover, Plaintiff advised Defendant that she worked the graveyard shift and that Defendant's calls were interrupting her time of rest.

18.     Defendant acknowledged Plaintiff's statement and informed Plaintiff that it would notate Plaintiff's work hours in her file.

19.     Despite the foregoing, Defendant continued calling Plaintiff at a time known to be inconvenient, causing Plaintiff a great deal of frustration.

20.     Furthermore, Defendant failed to send Plaintiff written notice of the alleged debt, informing her of her right to dispute the debt within five (5) days of its initial contact.

4

1

2

3

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

4

5

6

21.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

7

8

9

10

22.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

11

12

13

23.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

14

15

16

24.     Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

17

18

19

20

25.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21

22

23

24

26.     Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

25

26

27

28

27.     Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

COMPLAINT FOR DAMAGES

28.     The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

30.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

32.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

33.     Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

34.     Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

35.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

6

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

    F. Punitive damages; and

    G. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 15, 2015           TRINETTE G. KENT

                        By:  */s/  Trinette G. Kent*
                        Trinette G. Kent, Esq.
                        Lemberg Law, LLC
                        Attorney for Plaintiff, Norma Virden

COMPLAINT FOR DAMAGES